LUIS V. RODRÍGUEZ, Petitioner, v. INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent.

No. O-68-251.        Decided June 18, 1969.

*Baragaño, Trías, Saldaña & Francis* and *Guillermo A. Nigaglioni* for petitioner. *Eddie Gaud Caraballo, E. Delgado Roque, Gilberto Cobián Aparicio,* and *M. García Viera* for the Manager of the State Insurance Fund.

First Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Blanco Lugo, Mr. Justice Rigau, and Mr. Justice Ramírez Bages.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

On April 6, 1964, petitioner Luis V. Rodríguez suffered a myocardial infarct while discharging his duties as assistant to the Vice-President of the Puerto Rican Cement Company, Inc., becoming disabled to continue discharging his duties.

On February 9, 1966, the Industrial Commission rendered a decision reversing the decision of the State Insurance Fund, which denied compensation to petitioner and ordered to give him the "full protection of the law." As to the attorney's fees the Commission provided the following:

"For professional services rendered to the injured party, which redounded to his benefit the fees of Mr. José A. Cestero are fixed in a sum equal to 15% of the compensation which might correspond to the injured party on account of this appeal, and the manager of the State Insurance Fund is hereby ordered to pay the same in agreement with the law."

On September 15, 1966, the Fund issued a decision where it established, among other things, that the worker was entitled to a compensation amounting to the sum of $6,000, which is the maximum which the law fixed for said cases and

that he was entitled to have said compensation made effective.

On April 24, 1967, the Fund informed the worker's attorneys that its agency had deducted the amount of $900 for attorney's fees from the compensation to which the worker was entitled. The worker appealed from that determination to the Industrial Commission, and the latter issued on June 4, 1968, a decision ordering that the attorney's fees fixed by its decision of February 9, 1966, should be paid chargeable to the compensation granted to the injured party.

We issued a writ in order to review said decision.

At the time of the accident, April 6, 1964, the Workmen's Accident Compensation Act provided in its § 35 (11 L.P.R.A. § 36), that if the workers or employees would decide to obtain the services of an attorney for the better direction and defense of their cases, the Industrial Commission would fix the percentage which should be paid to the attorney in prosecuting a claim in favor of the employee or workman or their heirs or beneficiaries and that in such cases "the Industrial Commission shall fix chargeable to the compensation granted the percentage that should belong to the attorney as fees."

Act No. 69 of June 23, 1965, amended the cited § 35 of the Workmen's Accident Compensation Act, consisting in essence, said amendment in establishing that the percentage which the Industrial Commission might fix as attorney's fees would be chargeable to the State Insurance Fund, and not chargeable to the compensation granted. It also provided that fees fixed by the Industrial Commission or by the court, as the case may be, shall be the only fees that the attorney who renders his service to the workman or employee may receive.

The Industrial Commission expresses thus the grounds for its decision:

"We again set forth that in this case the application of the provisions of § 3 of the Civil Code (31 L.P.R.A. 3) is de rigueur, in establishing that laws shall not have a retroactive effect unless the Legislature expressly so decrees. Hence it follows that

the effect of laws of substantive nature will always be prospective.

"In relation to the foregoing see the cases of *Luce & Co.* v. *Minimum Wage Board,* 62 P.R.R. 431; *Báiz* v. *Racing Commission,* 63 P.R.R. 463; *Petrovich* v. *Sec. of the Treasury,* 79 P.R.R. 237, 265.

"The Supreme Court of Puerto Rico has held that the amendment of a law of substantive character does not make it effective retroactively to the date the amended law originally went into effect unless the amendment expressly indicates the contrary and always provided it does not prejudice rights acquired under this law. The Supreme Court also held that a person cannot claim rights recognized by a law of substantive character, which is amended if the amendatory law does not expressly provide that it shall have retroactive effect. (See *López* v. *South P.R. Sugar Co.,* 62 P.R.R. 227.)

"The Supreme Court in the case of *Mgr. of State Insurance Fund* v. *Industrial Commission,* 77 P.R.R. 483, 484, made the following pronouncement before a situation similar to the one under consideration:

'It is true that the Workmen's Accident Compensation Act is remedial legislation which should be liberally construed in favor of employees. However, when the accident involved herein occurred Janeiro was entitled at the most to the maxima of $3,000 and $300, respectively. *The Legislative Assembly if it chose could have provided in Act No. 115 that the higher maxima provided therein shall apply not only to future accidents but also to prior accidents in which compensation had not yet been granted.* The silence of Act No. 115 on this question brings into play the provision of our Civil Code that "Laws shall not have a retroactive effect unless they expressly so decree." '

"Further on the Court indicated:

'In the absence of an express provision in the law to the contrary, the test as to substantive rights is what the law provides at the time of the accident, not what it provides when the case is decided.'

"We conclude, in accordance with the foregoing, and contrary to petitioner's claims, that Act No. 69 of June 23, 1965 has a prospective effect and for that reason is not applicable in cases

of accidents which occurred before the date of its effectiveness, because if it had been the intention of the Legislature that the provisions of Act No. 69 would have retroactive effect covering accidents which occurred before said date, it would have expressly so indicated.

"In accordance with the foregoing, the Industrial Commission DECIDES to affirm our decision of February 9, 1966, fixing attorney's fees to Mr. José A. Cestero in an amount equal to 15% of the compensation which might belong to the injured party, making it clear that the same should be made chargeable to the compensation granted to the injured party." (Decision of the Industrial Commission of June 4, 1968, Exhibit III.)

Contrary to the decision of the Commission, we do not believe that it is a question, in this case, of giving retroactive effect to Act No. 69 of June 23, 1965, upon applying it to petitioner, nor that the point concerning the substantive character of the amendment made by said Act to the "Workmen's Accident Compensation Act" is so clear.

We cannot attribute to the Legislature the intention that Act No. 69, to which it gave immediate effectiveness, was not applicable to cases involving labor accidents which occurred before the approval of said law, and still pending prosecution. Said law did not provide so. On the contrary, when Act No. 103 of June 21, 1968 to increase the benefits for compensation to which the workmen or employees claimants were entitled was approved, it was expressly provided that the amendments introduced by said Act would become effective on July 1, 1968, "provided that the benefits herein provided shall be given to workmen and/or their beneficiaries in cases of labor accidents occurred on and after said date."

This is not a decisive argument by itself in the determination of the legislative intent. However, to attribute to the legislature a converse intent would thwart in part the ends or purposes of the amendment. In the report submitted to the Senate by its Committee on Labor recommending the approval of Act No. 69 it was stated in part thus:

"The present § 35, places the worker, who uses the services of an attorney, in a somewhat unfavorable position. He has to support [*sic*] the payment of the fees, even though it is the Manager himself who appeals to the courts and that the employer is an uninsured one. This situation does not encourage the use of these professional services; on the contrary it discourages them." (*Servicio Legislativo de Puerto Rico,* July 23, 1965, Volume 3, No. 3, page 453.)

We already know that the amendment, insofar as pertinent herein, consisted in providing that the attorney's fees instead of being charged to the compensation granted were to be charged to the State Insurance Fund. The practical effect of said change is that the State should provide attorney's services free of charge for the claimant workers in the cases of employers insured in accordance with the law. We do not deem it reasonable to hold that we are concerned here with a substantive right which arises at the time of the occurrence of the accident as is the right to a certain compensation which for being one of a substantive character is governed, in the absence of a legal provision to the contrary, by the law in effect at the time of the accident, as we decided in *Mgr. of State Insurance Fund* v. *Industrial Commission, supra.* The use of attorney's services by an injured worker depends on the necessity which he has of such services. He is not bound to use them pursuant to the provisions of § 35 of the Act, and he may retain them at any stage of his claim. It would be unreasonable to hold, as petitioner alleges, that in the cases of accidents which occurred on the day or days before Act No. 69 went into effect the fees fixed in those cases by the Industrial Commission shall be fixed pursuant to the repealed Act, chargeable to the compensation granted. What is reasonable and correct is that the Commission should apply the law in force at the date on which it fixes attorney's fees.

It is true that in the instant case the attorneys began to render their services to the employee claimant before Act No. 69 was approved, but also it is not less true that they continued to render their services in defense of the employee's important rights after Act No. 69 was approved and that this was the law in force when the Commission decided the case and fixed the attorney's fees. The right of the workers or employees to have the fees of the attorney they retain for the better direction and defense of their cases, charged to the State Insurance Fund, arises since Act No. 69 went into effect and said Act is applicable to the cases being prosecuted, decided subsequently by the Commission as it occurred in the instant case.

For the reasons stated the Decision of the Industrial Commission of June 4, 1968 will be reversed and the case remanded so that another be rendered ordering the Manager of the State Insurance Fund to pay attorney's fees to Mr. José A. Cestero chargeable to the Fund.